The opinion of the court was delivered by
Gibson, ,T.
The objection that the bond should not have been considered as obligatory, because it did not appear that Lynch had been commissioned, as sheriff, after it was delivered, has been properly abandoned. The responsibility of the defendant was prima facia complete by the terms of the bond, and could be dissolved, only by the contingency mentioned in the proviso of the third section of the act, which required the bond to be given; and which declares that no recognizance or obligation of the kind shall be of force, unless the party elected shall be commissioned: and it is indisputable that a party, claiming the benefit of a proviso or exception, must bring himself within it by pleading. Here the defendant, by omitting to plead that Lynch was not commissioned, has admitted the fact to be otherwise.
Objections are'made to the assignment of breaches, that the age of the child is not set out, nor consequently the period when the weekly allowance was to cease; that it does not appear the mother was entitled to any part of the allowance, because it is not averred that she sustained the child for any particular period, or at all, or even that it is living; and that she has assigned, as breaches, matters which do not concern her, as, for instance, the omitting to indemnify the township, or pay the costs of prosecution.
"Were this like an administration bond, on which the judgment in favour of the commonwealth is cautionary, for those who may afterwards prosecute, each for his particular injury by scire facias,Une assigning of other breaches, than those in which the party-had an interest, would be immaterial, if it appeared he had an interest in any one breach, which entitled him to call on the commonwealth to prosecute for a forfeiture of the bond; because the damages being nominal, there would be no presumption that the jury gave damages to which he was not entitled ; and so the error would be without injury. But here the plaintiff recovers her damages in the first instance; and if the breach as assigned, be as large as the condition, which is not all to be performed for her benefit, it is impossible to say that the jury may not have given damages for what was no injury to her. Her title to sue, in the name of the commonwealth, is only co-extensive with the injury she has sustained; and although there may be other breaches, which are a forfeiture of the bond in respect of other suitors, she cannot call on the commonwealth to sue for them ; the latter being a trustee for her no further than to procure compensation for actual injury. If then she has assigned breaches which give her no right of action, the presumption is that the jury have assessed *239 damages on them; and if so, the declaration is ill for .the same reason that it is ill in an action of covenant, where the breach is larger than the covenant. Now, the plaintiff was entitled to the allowance only for the period during which she had sustained the child, befqre the suit was brought: and as to indemnity to the township, or payment of the . costs of prosecution, these were matters with which she could, in no shape, have the least concern ; and it is, therefore, too clear for a doiibtthat the declaration cannot be supported.
Judgment reversed..